IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Lashun Cureton,                                )
                                               )
                    Plaintiff,                 )
                                               )
vs.                                            )        Civil Action No.: 1:09-cv-2342-TLW-SVH
                                               )
Michael J. Astrue,                             )
Commissioner of Social Security,               )
                                               )
                    Defendant.                 )
_____        )

# ORDER

The plaintiff, Lashun Cureton ("plaintiff"), brought this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner" or "defendant"), denying her claim for Supplemental Security Income. This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), DSC. In the Report, the Magistrate Judge recommends that the decision of the Commissioner be reversed under sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed in the Report. (Doc. # 21). The defendant filed objections to the Report. (Doc. # 23), and the plaintiff filed a response to the defendant's objections (Doc. # 26). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a _de novo_ determination of those portions of the report

1

or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in <u>Wallace</u>, the Court has reviewed, <u>de novo</u>, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 21). Therefore, for the reasons articulated by the Magistrate Judge, the Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g), and this case is remanded to the Commissioner for further consideration consistent with the discussion in the Report.

**IT IS SO ORDERED**.

s/Terry L. Wooten
United States District Judge

March 15, 2011
Florence, South Carolina

2